IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DIANA AGHADIMA, :
:
      Plaintiff, :
:
v. : Civil Action No. 12-55-RGA
:
CFT AMBULANCE SERVICE, :
:
      Defendant. :

## MEMORANDUM OPINION

Stephen Price Norman, Esq.; The Norman Law Firm; Wilmington, Delaware; Counsel for Plaintiff

Keri Lynn Morris, Esq.; Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware; Counsel for Defendant

April 19, 2012
Wilmington, Delaware

ANDREWS, U.S. DISTRICT JUDGE

Before the Court is a motion to dismiss (D.I. 7) two counts of the three-count Amended Complaint. (D.I. 3). The Plaintiff alleges sex, race, national origin, and religious discrimination in Count I and retaliation in Count II. (Count III alleges a violation of the Equal Pay Act.)

The issue is whether the Plaintiff timely filed her lawsuit. She alleges that she filed a "Charge of Discrimination" with the Delaware Department of Labor and the EEOC in March 2010. The EEOC issued a Notice of Right to Sue Letter on October 13, 2011. The Plaintiff (in some unspecified way) gave a copy of the Notice to her counsel on January 17, 2012. Counsel filed suit the next day, January 18, 2012. (D.I. 3, ¶¶ 27-29). There is no allegation that the Plaintiff received the Notice on any particular date.

The Notice of Right to Sue is attached to the Amended Complaint. It states that, "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." It indicates that it was mailed on October 13, 2011, to the Plaintiff, at an address in New Castle, Delaware. The address is the same address that she gives as her residence in the Amended Complaint. (D.I. 3, ¶ 4).

For purposes of measuring the 90 days, we do not count the day of mailing. Thus, the lawsuit was filed on the 95th day after the Notice was issued. The date of issuance is not the key date, though; it is the day the Plaintiff received the Notice. When the actual date of receipt is known, that date is used. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). When the actual date is unknown, three days after mailing are allowed. *See id.;* Fed. R. Civ. P. 6(d).

The Amended Complaint makes no allegation from which one could infer that "equitable tolling" applies.

Following the briefing on the motion to dismiss, the Plaintiff submitted an Affidavit, in which she states that she did not receive the Notice until October 26, 2011. (D.I. 15). She explains that she moved from the New Castle address, to a Wilmington address, in August 2011. Her Affidavit also states that the EEOC "was notified" of her change of address, but does not state who did the notifying and how she would know about it. The Plaintiff's briefing does contain a letter dated October 24, 2011, from the EEOC to her at her Wilmington address. (D.I. 11).

In view of the foregoing, I will dismiss without prejudice Counts I and II of the Amended Complaint for failure to include any factual allegations showing that those two counts were timely filed.